PORTLAND DAMASCUS MILK COMPANY, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33532, 42613. Promulgated April 20, 1931.

*Charles E. McCulloch, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

1238

OPINION.

ARUNDELL: The major difference between the parties revolves around the basis for allowing depreciation on the leasehold. Cost is the basis, but as stock was issued rather than cash paid, the value of the stock at the time must be determined. The only witness testifying on this matter was produced by the petitioner and he was emphatic that the stock was worth par and that the leasehold was of a value at least equal to the par value of the stock, viz, $56,250. This testimony was not weakened on cross-examination and must prevail unless for other reasons the cost must be placed at a different figure. The respondent contends that the contract described in the findings of fact provided that the stock was to be issued not only for the securing of a leasehold, but also for services to be rendered by Merges in connection with the organization and financing of the

petitioner. The testimony, however, is that Merges performed no service of any consequence, and, in fact, was not expected to perform any, but the stock was essentially for the securing of the leasehold of a suitable plant for the conduct of the consolidated business. In any event the stock was issued in consideration for the securing of the leasehold and any claim that there may have been on Merges for services was released or waived. Nor does the fact that Merges, along with other stockholders, released a portion of the stock to assist in new financing of the corporation in 1918, necessitated by entirely new circumstances, change the effect of what happened in 1917. On the record the petitioner has established the cost of the leasehold to be $56,250 and depreciation should be allowed on that basis spread over a period of fifteen years, the life of the leasehold.

The amounts shown in our findings of fact to have been spent for traveling and other expenses are deductible as ordinary and necessary business expenses in the years expended. No evidence was offered on other expense items claimed as deductions. The respondent's disallowance of such items is sustained.

*Decision will be entered under Rule 50.*